## UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

| United States of America | ORDER OF DETENTION PENDING TRIAL |
|---|---|
| v. | |
| Barrie Dean-Gunderman Isham | Case No.1:21-cr-00070-PLM |
| *Defendant* | |

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I – Findings of Fact

____ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted of ____ a federal offense ____ a state or local offense that would have been a federal offense if federal jurisdiction had existed – that is

    ____ a crime of violence as defined in 18 U.S.C. § 3156(a)(4), or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which the prison term is 10 years or more.

    ____ an offense for which the maximum sentence is death or life imprisonment.

    ____ an offense for which a maximum prison term of ten years or more is prescribed in:
    _____.*

    ____ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

    ____ any felony that is not a crime of violence but involves:
        ____ a minor victim
        ____ the possession or use of a firearm or destructive device or any other dangerous weapon
        ____ a failure to register under 18 U.S.C. § 2250

____ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

____ (3) A period of less than 5 years has elapsed since the ____ date of conviction ____ defendant's release from prison for the offense described in finding (1).

____ (4) Findings (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that defendant has not rebutted that presumption.

### Alternative Findings (A)

____ (1) There is probable cause to believe that the defendant has committed an offense

    ____ for which a maximum prison term of ten years or more is prescribed in:
    Controlled Substances Act (21 U.S.C. 801 et seq.)_____.*
    ____ under 18 U.S.C. § 924(c).

____ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the defendant's appearance and the safety of the community.

### Alternative Findings (B)

✓ (1) There is a serious risk that the defendant will not appear.

____ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II – Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by ✓ clear and convincing evidence ____ a preponderance of the evidence that:

1. Defendant waived his detention hearing, electing not to contest detention at this time, due to detention order in case 1:20-pt-00018-PLM.
2. Defendant may bring the issue of his continuing detention to the court's attention should his circumstances change.

### Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

| Date: | April 16, 2021 | Judge's Signature: | /s/ Sally J. Berens |
|---|---|---|---|
| | | Name and Title: | Sally J. Berens, U.S. Magistrate Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).